trustee. Duncomb could not, having mere possession, hypothecated bonds for his own benefit. They were improperly allowed, and the report must be corrected in that behalf. The claim of Harrison Hall was not disputed. The production of the bonds by him was evidence of ownership, and they were properly allowed.

*John N. Whiting,* for Louis D. Rucker, claimant and bondholder, appellant.

*Luke A. Lockwood,* for the plaintiffs, trustees, respondents.

Opinion by DYKMAN, J.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order modified in accordance with opinion of DYKMAN, J., and order to be settled by him.

---

JOHN O'SULLIVAN, RESPONDENT, *v.* THOMAS CONNORS, APPELLANT.

*Undertaking on appeal—power of the court to amend it on a motion made by one of the sureties.*

APPEAL from an order made at a Special Term, allowing an undertaking given in this action to be amended.

In this proceeding, brought to foreclose a mechanic's lien, the defendant appealed to the Court of Appeals from a decision of the General Term of this court, and executed and filed an undertaking in the following form:

## UNDERTAKING ON APPEAL FROM AN ORDER WITH STAY.

SUPREME COURT.

| |
|---|
| JOHN O. SULLIVAN, Respt. |
| against |
| THOMAS CONNORS, Applt. |

WHEREAS on the sixth day of January, 1879, a judgment ~~court~~

~~made an order herein~~ of the General Term of the Supreme Court of the 2d Department, was entered in the office of the Clerk of Dutchess County, affirming the judgment entered herein, upon the report of Referee in this action, wherein he found for the plaintiff, John O. Sullivan, and against Thomas Connors, defendant.

And the said Thomas Connors feeling aggrieved thereby, intends to appeal therefrom to the Court of Appeals, ~~and the court having made an order that all the proceedings on the part of the~~ ~~be stayed, pending the said appeal on the execution of an undertaking by the~~ ~~with sufficient sureties conditioned as herein provided:~~

Now therefore, we, Alexander C. Mackay, of the Village of Matteawan, Dutchess County, N. Y., by occupation a Fuller, and Alonzo Cole of the Village of Wappingers Falls, Dutchess County, N. Y., by occupation a Blacksmith, do hereby jointly and severally undertake that the appellant will pay all costs and damages which may be awarded against him on said appeal not exceeding five hundred dollars, and do also undertake that if the ~~order~~ judgment appealed from or any part thereof is affirmed or the appeal is dismissed, the appellant will pay the sum recovered, or directed to be paid by the affirmance, or the part thereof as to which it is affirmed and all damages which shall be awarded against the appellant upon the appeal by the determination of the Appellate Court.

Dated October 14th, 1879.

ALEXANDER C. MACKEY. [L. s.]
ALONZO COLE. [L. s.]

Upon the application of the sureties the provision making them liable for the amount of the recovery was stricken out on the ground that it was inserted by mistake, and that it was intended that they should be liable only for the *costs* of appeal, no stay of proceedings being desired.

The court, at General Term, said: "We have no doubt of the power of the court to allow the amendment granted in this case. The undertaking is a proceeding in the action, and the power of amending it in furtherance of justice is expressly granted by sections 721 and 730 of the Code of Civil Pro-

·cedure. Such power also existed at common law (Graham Pr., 652), and that power was preserved by section 469 of the Code of Procedure. The motion to amend was properly made in this court. (Code Civ. Pro., § 722; Graham Pr., 667.) · The evidence shows very satisfactorily that the undertaking was not given for the purpose of staying proceedings pending the appeal. In the first place, the action was one to foreclose a mechanics' lien. The undertaking is not in the form prescribed in order to obtain a stay pending an appeal from a judgment in such an action. (Code Civ. Pro., § 1331.) In the second place, it is proved that the attorney for the appellant struck from the printed blank the usual recital relating to a stay, but omitted to strike therefrom the operative clause requisite to effect a stay, merely by inadvertence and mistake. It would be a reproach to the law if such a mistake could not be corrected by amendment in the usual manner, namely, by motion."

Order affirmed, with $10 costs and disbursements.

*Thompson, Weeks & Lown,* for the appellant.

*Bernard J. Tinney,* for the respondent.

Opinion by GILBERT, J.; DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.

---

THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* ELIZA VOGLER, LANDLORD, *v.* ANDREW WALSH, POLICE JUSTICE OF THE CITY OF BROOKLYN, AND HORATIO S. STEWART, TENANT, RESPONDENTS.

*Summary proceedings by owner of tax-lease to recover land—what facts must be proved by him—1873, ch. 863, tit. 8, §§ 6, 10—service of a notice to redeem is not proved by the affidavit of the party serving the same.*

CERTIORARI to review a decision of the respondent, a police justice of the city of Brooklyn, dismissing summary proceedings in-